UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BETTY BOYCE                                                                                    PLAINTIFF

V.                              NO. 3:17-CV-173-BD

SOCIAL SECURITY ADMINISTRATION                                      DEFENDANT

## ORDER

I.  **Introduction:**

On November 25, 2014, Betty Boyce applied for disability benefits, alleging disability beginning on November 5, 2014. (Tr. at 63) Ms. Boyce's claims were denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Boyce's application. (Tr. at 71) Ms. Boyce requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Ms. Boyce filed this case seeking judicial review of the decision denying her benefits.

For the reasons stated below, the Court[1] affirms the decision of the Commissioner.

II. **The Commissioner's Decision:**

The ALJ found that Ms. Boyce had not engaged in substantial gainful activity since the onset of her alleged disability, November 5, 2014. (Tr. at 65) At step two of the

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

five-step analysis, the ALJ found that Ms. Boyce had the following severe impairments: back pain, bilateral knee pain, and hypertension. *Id*.

After finding that Ms. Boyce's impairments did not meet or equal a listed impairment (Tr. at 65), the ALJ determined that Ms. Boyce had the residual functional capacity ("RFC") to perform the full range of work at the light exertional level, with some limitations. She could only occasionally climb, balance, stoop, and bend, and she could never crouch, kneel, or crawl. (Tr. at 66)

The ALJ found that Ms. Boyce was unable to perform any of her past relevant work. (Tr. at 27) At step five, however, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Ms. Boyce's age, education, work experience and RFC, she was capable of performing work in the national economy as sales attendant and inspector. (Tr. at 71) The ALJ determined, therefore, that Ms. Boyce was not disabled. *Id.*

### III. Discussion:

    A.   Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support he ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009)(citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a

contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

B. Ms. Boyce's Arguments on Appeal

In this appeal, Ms. Boyce contends that the ALJ's decision to deny benefits is not supported by substantial evidence. She argues that the RFC assigned by the ALJ failed to incorporate all of her limitations arising from her back condition. She also challenges the ALJ's credibility analysis.

Ms. Boyce presented with back pain on February 10, 2014, and a straight-leg raise test was positive. (Tr. at 356-357) She was prescribed hydrocodone. *Id*. On February 17, 2014, a lumbar MRI revealed mild degenerative spondylosis with mild canal stenosis and hypertrophic facet arthropathy. (Tr. at 11) Objective tests showing mild-to-moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). On February 25, 2014, Tim Maryanov, M.D., referenced a "near normal" MRI with no "significant neural element compromise." (Tr. at 359) He also noted improvement with steroid injections, but stated that Ms. Boyce had a long history of intractable back pain. (Tr. at 359-360) This opinion appears to be contradictory, and when a physician's notes are internally inconsistent, the ALJ may give the opinion less deference. *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005). Dr. Maryanov did not refer Ms. Boyce for surgery. (Tr. at 360)

3

Ms. Boyce went to physical therapy for low back pain 12 times in March and April of 2014. (Tr. at 363-375) She began seeing pain specialist Jeffrey Hall, M.D., and he administered lumbar facet injections. (Tr. at 511-522) In May 2014, Ms. Boyce's doctor recommended she stay active and lose weight. (Tr. at 461) In fact, this was recommended throughout the relevant time period. (Tr. at 14-22, 453) A physician's recommendation to exercise suggests that Plaintiff had an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

In November 2014, Dr. Hall administered radiofrequency ablation of the lumbar spine. (Tr. at 493-495) Ms. Boyce responded well to that treatment and told her doctors regularly that medication controlled her pain. (Tr. at 26, 31, 38, 496, 499, 511, 625, 628, 644) Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). While Ms. Boyce had a positive straight-leg raise on December 17, 2015, straight-leg raises were negative in November of 2014, February of 2015, and March of 2015. (Tr. at 497, 551, 548) Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). In May and September of 2015, Ms. Boyce said her pain was stable. (Tr. at 607, 628) She asked to decrease her pain medications. (Tr. at 628) Improvement in strength and diminished pain support an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). By June 1, 2016, Ms. Boyce reported that she was not hurting at all. (Tr. at 30)

The medical evidence above points to a mild back condition that improved with time. Still, Ms. Boyce argues that the RFC for light work exceeded her functional capacity. A claimant's RFC represents the most she can do despite the combined effects of all of his credible limitations. It must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

The ALJ properly evaluated Ms. Boyce's positive response to treatment and improvement in condition to determine her RFC. He also relied upon two opinions from state-agency doctors who opined that Ms. Boyce had an RFC for light work. (Tr. at 115, 140) The ALJ also credited Ms. Boyce's complaints of pain by adding postural limitations to the RFC. Ms. Boyce contends, however, that the ALJ did not fully examine her complaints of pain because he failed in his credibility analysis.

Before coming to a conclusion on a claimant's credibility, the ALJ must give full consideration to all of the evidence presented that relates to a claimant's subjective complaints, including prior work record and observations by third parties and treating and examining physicians regarding: 1) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) medication dosage, effectiveness, and side effects; and 5) functional restrictions. *Polaski v. Heckler*,

5

751 F.2d 943, 948 (8th Cir. 1984).[2]

In this case, the ALJ noted that Ms. Boyce said she could do some housework, tend to personal care, prepare meals, shop in stores, and spend time with others. (Tr. at 67) Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). The ALJ also noted that no doctor had placed any functional restriction on Ms. Boyce; rather, she was encouraged to exercise. (Tr. at 69) A lack of physician-imposed restrictions may serve as a reason to discredit a claimant's credibility. *Hensley v. Barnhart,* 352 F.3d 353, 357 (8th Cir. 2003). Ms. Boyce did pursue several types of treatment for back pain, and she responded well to conservative medication management. The ALJ properly addressed the factors required for a full analysis of subjective complaints. He fulfilled his duty in that respect.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The RFC incorporated all of Ms. Boyce's limitations, and the ALJ properly evaluated Ms. Boyce's subjective complaints. The finding that Ms. Boyce was not

---

[2] Social Security Ruling 16-3p, 2016 SSR LEXIS 4, removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. It became effective on March 28, 2016, but the underlying analysis still incorporates the same factors discussed in *Polaski* and requires the ALJ to make a determination based on all evidence in the record. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017).

disabled within the meaning of the Social Security Act, therefore, must be, and hereby is, AFFIRMED. The case is dismissed, with prejudice.

    IT IS SO ORDERED this 25th day of May, 2018.

                                              _____
                                              UNITED STATES MAGISTRATE JUDGE